95 N.J. Super. 262 (1967)
230 A.2d 543
EDWARD KEITH, PLAINTIFF,
v.
GEORGE PETRAKAKAS, AND MILDRED PETRAKAKAS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 16, 1967.
*263 Mr. Hyman B. Mintz for plaintiff.
Mr. Melvin Tolstoi for Unsatisfied Claim and Judgment Fund (Mr. William O. Barnes, Jr., attorney).
KAPP, J.S.C. (temporarily assigned).
This is a proceeding to compel payment from the Unsatisfied Claim and Judgment Fund pursuant to N.J.S.A. 39:6-60 et seq.
On August 1, 1965 plaintiff, while accompanied by three passengers, became involved in an automobile accident with defendants. The passengers noticed the Fund of their claims within the required 90-day period, but plaintiff neglected to do so until February 11, 1966. This delay, it is asserted, was occasioned by his erroneous assumption that defendants possessed liability insurance coverage. A judgment had been obtained against defendants upon the basis of which this claim is made.
*264 Plaintiff asserts that the notice given by the passengers in his vehicle was sufficient notice, in his behalf as well, of an accident, so as to comply with the requirements of N.J.S.A. 39:6-65. It is not contended that this was a case where "an insurer had disclaimed on a policy of insurance." N.J.S.A. 39:6-65(b).
Initially, it should be observed that although the word "accident" appears in the caption to section 65, supra, that caption is written in the conjunctive, thereby requiring in addition to the notice of an accident, a notice of an intention to file a claim. Furthermore, the wording of section 65 itself leaves little doubt that notice of an intention to make a claim is an absolute prerequisite to payment from the Fund. The pertinent portion of that section reads as follows:
"Any qualified person, or personal representative of such person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State * * * and whose damages may be satisfied in whole or in part from the Fund, shall, within 90 days after the accident, as a condition precedent to the right thereafter to apply for payment from the Fund, give notice to the board, the form and contents of which shall be prescribed by the board, of his intention to make a claim thereon for such damages if otherwise uncollectible; * * *." (Emphasis supplied)
The mere notice of an accident by one other than the claimant does not constitute the type of notice required by section 65. Furthermore, the selection and utilization of such words as "shall" and "condition precedent" in describing a claimant's obligation to notice the Fund exhibits a clear legislative intention that there be strict and literal compliance with the provision. See Szczesny v. Vasquez, 71 N.J. Super. 347 (App. Div. 1962); Danisi v. Thuemling, 72 N.J. Super. 118 (App. Div. 1962).
Such strict compliance with the notice provision is further indicated by the inclusion of two express exceptions within section 65. See State v. Wrightson, 56 N.J.L. 126 (Sup. Ct. 1893) where it is said:
*265 "In the construction of statutes it is a cardinal rule which applies as well to constitutional provisions, that when the law is in the affirmative that a thing shall be done by certain persons in a certain manner, this affirmative matter contains a negative that it shall not be done by other persons or in another manner, upon the maxim `expressio unius est exclusio alterius.'" (at p. 201)
To the same effect, Kobylarz v. Mercer, 130 N.J.L. 44 (E. & A. 1943). Where the Legislature creates such exceptions within a section, a court may not carve out additional exceptions which would then render the entire provision meaningless. Had the Legislature desired to recognize the type of notice as given in the instant case, it would have created an additional exception to embrace it.
Lastly, claimant cites numerous cases concerning the liberal construction to be accorded to "fund" legislation. The doctrine of liberal construction, however, concerns the scope of the act and not the performance of any of its mandated prerequisites to recovery. Szczesny v. Vasquez, supra, 71 N.J. Super., at p. 359.
The motion is denied; submit an appropriate order.