## TYLER v. COMMISSIONER OF MOTOR VEHICLES

[No. 310, September Term, 1967.]

40

*Decided January 13, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN and SINGLEY, JJ.

*John D. Hackett,* with whom was *Andrew J. Graham* on the brief, for appellant.

*James L. Wray,* with whom were *Francis B. Burch, Attorney General,* and *William E. Brannan, Assistant Attorney General,* on the brief, for appellee.

PER CURIAM:

This appeal involves a notice of intention to make claim filed by George P. Tyler, the appellant, under the Unsatisfied Claim and Judgment Fund statute, Code (1957) Article 66½, Sections 150 to 179, Chapter 836 of the Laws of 1957, as amended. The appellant, a 52 year old heavy equipment operator at Fort Meade for 21 years and a volunteer fire fighter with the Anne Arundel County Fire Department, was struck and severely injured apparently by a hit-and-run driver of a motor vehicle on Maryland Route 424 on September 26, 1965. The notice of intention to make claim was not filed until April 26,

1966, or 35 days after the 180 day period after the accident required by Article 66½, Section 154 (a).

Section 154 (a) makes the filing of notice of intention to make claim "a condition precedent" to the right to apply for payment from the Fund unless the claimant can prove to the court that he "was physically incapable" of giving the notice within the 180 day period and gave the notice "within 30 days after he became physically capable" so to do.[1]

In *Mundey v. Unsatisfied Claim and Judgment Fund Board,* 233 Md. 169, 195 A. 2d 720 (1963), in which we sustained a trial court's denial of a right to sue when the notice was one day late, we construed the words "physically incapable of giving notice" in Section 154 (a) and held that these words "clearly import a greater incapacity than mere inability to give notice in person or to give notice only with difficulty. The mere fact that a patient is hospitalized, or confined to bed and a wheel chair would not necessarily prevent communication." (233 Md. at 172, 195 A. 2d 721.) See also *Hart v. Comm'r of Motor Vehicles,* 226 Md. 584, 174 A. 2d 725 (1961).

The Circuit Court for Anne Arundel County (Childs, J.) in a careful opinion reviewed the evidence and found that the appellant had suffered no brain damage as a result of the injury and, indeed, testified that he was "straightened out mentally." The trial court further found that the appellant was aware of the existence of the Fund and that he was visited from time to time during the 180 day period by adult relatives and friends capable of communicating or inquiring on his behalf in regard to his possible relationships to the Fund. The trial court reluctantly concluded that the appellant was not physically incapable of giving notice within the meaning of the statutory language as we have interpreted it and denied the petition of the appellant to sue the Commissioner of Motor Vehicles, appellee, under Article 66½, Section 167. Our review of the record indicates that the findings of the trial court were sustained

---

1. The second alternative, *i.e.,* that he gave notice to the Board within 30 days after receiving notice that an insurer had disclaimed on a policy of insurance, is obviously not applicable to the appellant's situation.

by the evidence and will not be disturbed. Maryland Rule 886 a. The decision of the trial court is in accord with our decision in. *Mundey. Unsatisfied Claim and Judgment Fund v. Mosley,* 234 Md. 386, 389-90, 199 A. 2d 366, 368 (1964).

The present case is clearly distinguishable on the facts from our decision in *Mosley* in which the trial court found from the facts that the injuries to the claimant's body and the substantial and continuing brain damage established the claimant's physical incapacity to give notice. As we have indicated, the facts in the present case, found adversely to the claimant, are quite different.

*Order affirmed, the appellant to pay*
*the costs.*