### Richmond

CITY OF SUFFOLK v. COUNTY OF NANSEMOND.

June 14, 1971.

Record No. 7387.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*William R. Cogar (M. Erskine Watkins; Mays, Valentine, Davenport & Moore*, on brief), for plaintiff in error.

*Robert C. Fitzgerald (Robert E. Gillette, Commonwealth's Attorney for Nansemond County; James N. Garrett*, on brief), for defendant in error.

Per Curiam.

The City of Suffolk brought this annexation proceeding pursuant

to an ordinance that described the property proposed to be annexed by referring to monuments but without bearings and distances:

"Beginning at a point at the intersection of the present east corporate boundary of the City of Suffolk and the south right-of-way line of the Norfolk and Western Railway Company (formerly the Virginian); thence running in an easterly direction along the south right-of-way line of the said Norfolk and Western Railway Company, crossing the Norfolk, Franklin and Danville Railway (formerly the Atlantic and Danville) and the Seaboard Coast Line Railroad (formerly the Atlantic Coast Line) to the intersection of said south right-of-way line and the extension (in a southeastern direction) of a line 400 feet northeast of and parallel with the center line of State Route 614 (Suburban Drive); * * *."

The annexation court, with one judge dissenting, sustained the motion of the County of Nansemond to dismiss the annexation petition on the ground that the City ordinance did not describe the "[m]etes and bounds" of the area sought to be annexed as required by Code § 15.1-1033. The City appeals from the order dismissing the petition.

We need not decide the usual and customary meaning of "metes and bounds" because we agree with Judge Whitley, who said in his dissenting opinion in this case:

"In my opinion the statute [Code § 15.1-1033] does not require a description in strict and literal engineers' language but only sufficient definiteness to enable a non engineer to know where the location of the line is. The description in the ordinance refers to readily understandable monuments such as railroad rights of way, public roads, rivers and streams. After a careful reading thereof I am of the opinion that any surveyor, engineer or layman can walk the line and follow it on the ground with reasonable certainty. * * *"

*Reversed and remanded.*