[Seal]

BERRY ET AL. *v.* SCOTT

[No. 13, September Term, 1973.]

*Decided October 11, 1973*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Robert P. Schlenger*, with whom were *Frederick J. Green, Jr., Lord, Whip, Coughlan & Green, P.A.* and *Francis B.*

*Burch, Attorney General,* and *Raymond Valle, Special Assistant Attorney General,* on the brief, for appellants.

*Nelson R. Kandel,* with whom was *Jay M. Caplan* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Here we must deal with an attempt to attenuate our holding in *Wheeler v. Unsatisfied Claim and Judgment Fund,* 259 Md. 232, 269 A. 2d 593 (1970). We shall relate only the essential facts.

On 1 September 1968 the appellee (Norma), while standing on a street corner in Baltimore, was struck by Delphine Burman's car which an instant earlier had itself been struck by Thomas Berry's car. On 4 February 1970 she sued Burman and Berry. On 12 January 1971 Foster H. Fanseen, Esq., entered his appearance for Berry. At the end of the jury trial on 19 April 1972 the court directed a verdict in favor of Burman; Norma obtained a verdict of $4,000 against Berry. On 21 June 1972 the court ordered payment of the ensuing judgment out of the Unsatisfied Claim and Judgment Fund. On 1 February 1973 Dorf, J., after several hearings, refused to strike the order of 21 June 1973. Hence this appeal.

Norma insists that in October 1968 she "gave [the] notice" to the Unsatisfied Claim and Judgment Fund Board (Board) required by Code (1970 Repl. Vol.), Art. 66½, § 7-606 (a),[1] but she was unable to rebut the Board's testimony that it had not received any such notice. She contends also, as she did below, that because Mr. Fanseen entered the case and thereafter defended it the Board is somehow estopped to deny that any timely notice was received. The testimony of Henry Suter, an employee of the Board, was not challenged. He said the notice required by § 7-606 (a) was not received by the Board until 18 July 1972. Other cases, arising out of

---

· 1. For the present status of § 7-606 (and § 7-616 (a) (2)) see Code (1972 Repl. Vol., 1972 Supp.), Art. 48A, § 243G.

claims by parties injured in the same accident, all properly reported and at issue, had been assigned to Mr. Fanseen's client, State Farm Mutual Insurance Company. It seems his entry into Norma's case, two years and four months after her injury, was either an inadvertence or the result of a misunderstanding.

We think it is entirely clear, however well-intentioned Mr. Fanseen's defense of Norma's suit against Berry may have been, that what he did was without any authority, express or implied, from the Board and we so hold. Indeed, even if he had been authorized to defend the suit, it is unlikely we would hold that his doing so, without more, could amount to a waiver or estoppel by the Board. It has been held that, as a precautionary measure, a potentially valid claim may be defended without acknowledging or incurring liability. *Danisi v. Thuemling*, 72 N.J. Super. 118, 178 A. 2d 26 (1962). It must not be supposed, however, that there could never be some combination of unusual facts and circumstances which would justify a finding that the statutory notice had been waived by the Board or that it is estopped to assert the lack of it.

While we are persuaded that *Wheeler* is dispositive of this appeal, we think *Unsatisfied Claim & Judgment Fund Board v. Fortney*, 264 Md. 246, 285 A. 2d 641 (1972), provides the icing for the cake. There we held that notice to a representative of the insurance company to which a case had been assigned under § 7-607 (b) does not constitute the notice to the Board prior to the entry of a default judgment as required by § 7-616 (a) (2) (see footnote 1). There may be a distinction between the giving of the notice required by § 7-606 (a) and the giving of the notice required by § 7-616 (a) (2) but if there is such a distinction it is not, in these circumstances, perceptible.

*Order reversed.*
*Costs to be paid by the appellee.*