## BRIGHT ET AL. *v.* UNSATISFIED CLAIM AND JUDGMENT FUND BOARD

[No. 190, September Term, 1974.]

*Decided June 3, 1975.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and O'DONNELL JJ.

*Michael I. Gordon,* with whom was *Robert R. Cohen* on the brief, for appellants.

*Robert P. Schlenger,* with whom were *Lord, Whip, Coughlan & Green, P.A.,* and *John J. Corbley* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

Our task here is to construe whether the notice requirement of Maryland Code (1957, 1967 Repl. Vol.) Art. 66½, § 154 (a) (4), now codified as Code (1957, 1970 Repl. Vol.) Art. 66½, § 7-606 (a) (4), is mandatory rather than directory on a claimant who seeks permission to bring an action for damages against the Unsatisfied Claim and Judgment Fund Board, presently entitled the Maryland Automobile Insurance Fund.[1] As we agree with the Superior Court of Baltimore City that it is obligatory we will affirm the judgment of that court.

The genesis of this case is an automobile accident which occurred on 3 February 1968 when a motor vehicle driven by Samuel D. Bright, Sr., an appellant, and occupied by the other individual appellants [2] was struck from the rear while stopped at the intersection of Edmondson Avenue and Hilton Street, Baltimore City, in obedience to the command of a traffic signal, by an automobile with Stewart Thomas Johnson as its operator. In order to assure reimbursement for the considerable personal injury and property damage caused by this collision, the appellant timely notified [3] the Board, the appellee here, on 26 February 1968, of the possibility that a claim might be lodged against it. It was not for more than two years after the accident that the appellants belatedly pursued their claim against Johnson by filing suit on 21 May 1970. But their attempts to obtain service of process on the allegedly negligent driver were to no avail, as the summons, on two occasions, was returned by the sheriff non est.

The fatal flaw in the appellants' attempt to recover against the Board occurred when they failed to comply with

---

1. The Maryland Automobile Insurance Fund was created effective 1 January 1973 by Chapter 73 of the Acts of 1972 and is now codified as Maryland Code (1957, 1972 Repl. Vol., 1974 Cum. Supp.) Art. 48A, §§ 243-243L. For transitional provisions see § 243G.

2. In addition to Mr. Bright, Sr., the parties in this case are his wife, Katherine, his son, Samuel Jr., as well as his insurance carrier, the Paramount Insurance Company.

3. Code (1957, 1967 Repl. Vol.) Art. 66½, § 154 (a), now Code (1957, 1970 Repl. Vol.) Art. 66½, § 7-606 (a).

the dictates of section 154 (a) (4), now codified as section 7-606 (a)(4), which requires, in pertinent part:

> "(a) *Time and contents of notice.*—Any qualified person, who suffers damages resulting from bodily injury . . . or damage to property arising out of the ownership, maintenance, or use of a motor vehicle in this State . . . , and whose damages may be satisfied in whole or in part from the fund . . . , within one hundred and eighty (180) days after the accident, as a condition precedent to the right thereafter to apply for the payment from the fund, shall give notice to the Board, as prescribed by it, of his intention to make a claim thereon for damages, if otherwise uncollectible, and shall otherwise comply with the provisions of this section; . . . . In [the] notice he shall describe the manner in which the accident occurred, specifying the time and place of occurrence, identify the operators and vehicles involved therein and the witnesses to the accident as are then known to him and describe the injuries then known to him and the damage to property sustained. The notice shall be accompanied by

> \* \* \*

> (4) A copy of the complaint if an action has theretofore been brought for the enforcement of the claim. *The person also shall notify the Board of any action thereafter instituted for the enforcement of the claim within 15 days after the institution thereof,* and the notice shall be accompanied by a copy of the complaint. The Board shall be authorized to extend the period of filing any of the documents to accompany the notice upon proper cause." (emphasis added).

Although the appellants allege that they did, in fact, within fifteen days of the institution of suit against Johnson, follow the rigors of section 154 (a) (4) by posting a letter, with the narr enclosed, addressed to the Board, notifying it of this

action, the Board insists that its records indicate that no such communication was ever received. But, other than the appellants' claim that they mailed the letter and therefore the Board was sufficiently notified, and the appellee's riposte that the Board did not receive it, neither party has been able to more conclusively parry the other's thrust, so as to establish its own contention as preeminent. The trier of fact has, however, resolved this apparent conundrum to the extent necessary for a decision in this case by concluding that even if the required communique was sent by the appellant it was never received by the appellee. And on the record we cannot say that this finding by the trial judge was clearly erroneous. Maryland Rule 886.

With this finding of fact it becomes evident that the appellants failed to comply with the notice requirement of section 154 (a)(4). We arrive at this conclusion based upon the principle recently established by this Court that there is no substitute for *actual receipt* of notice from the claimant to the Board when the statute requires that the "person shall notify the Board," or uses words to like effect. *Wheeler v. Unsat. C. & J. Fund,* 259 Md. 232, 269 A. 2d 593 (1970); *cf. Berry v. Scott,* 269 Md. 749, 309 A. 2d 772 (1973); *Unsat. C. & J. Fund Bd. v. Fortney,* 264 Md. 246, 285 A. 2d 641 (1972). In *Wheeler,* a case in which we held that the Board must receive notice from the claimant of his intention to make a demand within thirty days of disclaimer of coverage from the insurer, Judge McWilliams speaking for this Court stated the rationale for this requirement:

> "It must not be supposed that in so holding we have shirked our duty to afford this remedial legislation a liberal construction, but we are obliged also to be mindful of the fact that the statute affords no substitute for the proof necessary for compliance with its terms and conditions and that due regard must be given to the protection of the Fund. It was not the intention of the Legislature to make access to the Fund easy and every provision designed for its protection should be given full consideration and effect." 259 Md. at 239-40.

This same thought was reemphasized by Judge Singley for this Court in *D'Ambrogi v. Unsat. C. & J. Fund Bd.*, 269 Md. 198, 200, 305 A. 2d 136 (1973), when he said:

> "There is no inconsistency between a liberal interpretation of the Act to effectuate its general policies and a requirement of strict adherence to the notice provision of the Act which is a procedural condition precedent to collection from the Fund to further its efficient administration." See in addition *Rosenberg v. Manager, U. C. & J. F. Bd.*, 260 Md. 164, 168, 271 A. 2d 692 (1970); *Hawks v. Gottschall*, 241 Md. 147, 215 A. 2d 745 (1966); *Maddy v. Jones*, 230 Md. 172, 186 A. 2d 482 (1962).

With the determination that the notice required by section 154 (a) (4) was not in fact received by the Board, the only salvation even potentially available to the appellants in this regard is the possibility that the couplet of words "shall notify" used in section 154 (a)(4) is not mandatory but merely directory. In considering this possibility we must be fully cognizant of the fact that the legislative intent, as manifested in the wording of the statute, is to be strictly heeded and enforced. Consequently, if there is no ambiguity or obscurity in the language the Legislature elected to utilize to express its mandate, the usual and literal meaning of the terminology employed will prevail. *Equitable v. Insurance Comm'r*, 251 Md. 143, 246 A. 2d 604 (1968); *Md. Medical Service v. Carver*, 238 Md. 466, 209 A. 2d 582 (1965); *Height v. State*, 225 Md. 251, 170 A. 2d 212 (1961). This is true, as long as no constitutional guarantees are impaired, even if this Court is of the opinion that the policy or impact of the legislation is unwise or harsh. *Schmeizl v. Schmeizl*, 186 Md. 371, 46 A. 2d 619 (1946). In this light we observe that ordinarily the word "shall," unless the context within which it is used indicates otherwise, is mandatory when used in a statute, and thus denotes an imperative obligation inconsistent with the idea of discretion. *Ginnavan v. Silverstone*, 246 Md. 500, 505, 229 A. 2d 124 (1967); *Resnick v. Board of Elections*, 244 Md. 55, 62-63, 222 A. 2d 385 (1966);

*Md. Medical Service v. Carver, supra* at 478-79; *Barnes v. State Ex Rel. Pinkney,* 236 Md. 564, 574-75, 204 A. 2d 787 (1964). Furthermore, in the context of other notice requirement sections of the legislation relating to the Board, this Court has previously attached a mandatory connotation to the use of the term "shall." *Boston v. Unsat. C. & J. Fund Bd.,* 271 Md. 15, 313 A. 2d 462 (1974); *Mullins v. Thorne,* 254 Md. 434, 255 A. 2d 409 (1969); *Tyler v. Comm'r of Motor Vehicles,* 252 Md. 39, 248 A. 2d 885 (1969); *Mundey v. Unsatisfied Fund,* 233 Md. 169, 195 A. 2d 720 (1963); *cf. Rosenberg v. Manager, U. C. & J. F. Bd.,* 260 Md. 164, 271 A. 2d 692 (1970). Inasmuch as the language of section 154 (a)(4) is clear and unambiguous, and since nothing in the statute appears to vitiate the mandatory import of the word "shall," we hold that the General Assembly intended the notice requirement of section 154 (a)(4) to be a condition precedent to the right of the claimant to collect from the Board. In fact, when the Legislature specifically authorized the Board, in section 154 (a)(4), "to extend the period of filing any of the *documents to accompany the notice* upon proper cause," it, in effect, reemphasized that the Board has no discretion to waive the notice requirement, but only that it possesses, upon proper cause being shown, discretion to waive the requirement that a specific document (a copy of the complaint) accompany that mandatory notice.

*Judgment affirmed.*
*Costs to be paid by appellants.*