47 N.J. Super. 566 (1957)
136 A.2d 440
HERMAN SCHLENGER AND RUTH SCHLENGER, PLAINTIFFS-RESPONDENTS,
v.
RICHARD CONTI, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1957.
Decided November 29, 1957.
*567 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Charles V. Webb, Jr., argued the cause for appellant Unsatisfied Claim and Judgment Fund Board (Messrs. Minard, Cooper, Gaffey & Webb, attorneys; Mr. John J. Gaffey, of counsel).
Mr. Harry V. Osborne, Jr., argued the cause for respondents Schlenger (Messrs. Osborne, Cornish & Scheck, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The Unsatisfied Claim and Judgment Fund Board ("Board") appeals from an order of the County Court, Law Division, directing it to pay plaintiffs Schlenger the sums of $1,387 and $2,170, respectively, remaining uncollected on certain judgments recovered against defendant Conti.
Plaintiff Herman Schlenger was the owner and operator of an automobile which collided with an automobile owned and operated by defendant Conti on December 30, 1955. Co-plaintiff, his wife, was a passenger. Both Schlengers were injured and their car damaged. On January 18, 1956 plaintiffs, pursuant to N.J.S.A. 39:4-130, reported the accident to the Security-Responsibility Section of the Motor Vehicle Division, Department of Law and Public Safety, *568 on forms supplied by it. However, they gave no notice of the accident to the Board, as required by N.J.S.A. 39:6-65, until July 20, 1956, when they filed notice of their intention to make claim for uncollectible damages from the Unsatisfied Claim and Judgment Fund.
In the meantime, plaintiffs on June 10, 1956 served Conti with process in an action for damages resulting from his alleged negligence. He answered and counterclaimed. It was not until July 3, 1956 that plaintiffs gave the Board notice of the institution of the action and supplied it with a copy of the complaint. Conti's counterclaim was dismissed on motion on October 17, 1956, by reason of his failure to answer interrogatories. On November 30, 1956, again on plaintiffs' motion, the court struck the answer, entered Conti's default and placed the action on the trial list for assessments of damages. Damages were assessed January 17, 1957 and judgment entered for $7,500 in favor of plaintiff Herman Schlenger and $2,500 in favor of his wife.
By notice of motion returnable May 17, 1957, plaintiffs applied to the County Court for an order directing payment out of the Unsatisfied Claim and Judgment Fund of the amount remaining unpaid upon that judgment. The notice was supported by a verified claim, subsequently amended to show monies received from various policies and to be credited against the judgment. After oral argument the County Court, by letter opinion, informed counsel that it would sign an order directing payment from the Fund, stating that plaintiffs' failure to comply with the requirements of N.J.S.A. 39:6-65 had not been shown to have prejudiced the Fund. After observing that "the matter came to the attention of the Director of Motor Vehicles within 30 days" (there was no proof of this, except for the filing of the accident report with the Security-Responsibility Section of the Motor Vehicle Division on January 18, 1956) and that by N.J.S.A. 39:6-64 the Director is a member of the Unsatisfied Claim and Judgment Fund Board, the trial court concluded that "it would appear * * * to be inequitable to hold that there had been no substantial compliance *569 with the letter of the statute [N.J.S.A. 39:6-65]." The court thereupon, on June 3, 1957, entered the order from which this appeal is taken.
N.J.S.A. 39:6-65 (L. 1952, c. 174, § 5), as it read at the time of the accident, provided that
"Any qualified person, or the personal representative of such person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, and whose damages may be satisfied in whole or in part from the [Unsatisfied Claim and Judgment Fund], shall, within 30 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the [Unsatisfied Claim and Judgment Fund Board], on a form prescribed by it, of his intention to make a claim thereon for such damages if otherwise uncollectible and otherwise comply with the provisions of this section; provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court on the hearing of the application for the payment of a judgment that he was physically incapable of giving said notice within said period and that he gave said notice within 30 days after he became physically capable to do so or in the event that he did not become so capable, that a notice was given on his behalf within a reasonable period. * * * Such person shall also notify the board of any action thereafter instituted for the enforcement of such claim within 15 days after the institution thereof, and such notice shall be accompanied by a copy of the complaint." (Italics ours)
(This section of the Unsatisfied Claim and Judgment Fund Act was further amended by L. 1956, c. 200, effective July 1, 1956, to provide for notice to the Board within 90 days after the accident.)
Plaintiffs did not give the required notice to the Board until more than six months after the accident and, further, failed to notify it of the action they had instituted against Conti, which notice was required to be accompanied by a copy of the complaint, until 23 days after the institution of the action. Nevertheless, in support of the County Court order they argue that (1) the Unsatisfied Claim and Judgment Fund Act, being remedial legislation, must be liberally construed; (2) the Motor Vehicle Security-Responsibility Act (N.J.S.A. 39:6-23 et seq.) and the Unsatisfied Claim *570 and Judgment Fund Act (N.J.S.A. 39:6-61 et seq.) both deal with the subject of financial protection to persons injured by financially irresponsible motorists, and are therefore in pari materia; and since the Director of the Motor Vehicle Division is a member of the Unsatisfied Claim and Judgment Fund Board, the filing of the accident report with the Security-Responsibility Section of the Division on January 18, 1956 satisfied the requirement of notice to the Board within 30 days; and (3) the Board had ample notice in this case to take whatever action it might have deemed necessary for the protection of the Fund against fraud and abuse by reason of having received notice of plaintiffs' motion to strike defendant's answer and of the case being set down for assessment of damages on January 17, 1957.
Plaintiffs cite Giles v. Gassert, 23 N.J. 22, 34 (1956), for the proposition that the Unsatisfied Claim and Judgment Fund Act is "to be liberally construed to advance the remedy, due regard being had to the protection of the Fund against fraud and abuse and to the fulfillment of the essential legislative policy." We accept this as an entirely valid and well-founded principle. However, it can have no legitimate application here. A legislative directive such as is contained in N.J.S.A. 39:6-65 could not more clearly be expressed: notice "shall," within 30 (now 90) days after the accident, and "as a condition precedent" to the right thereafter to apply for payment from the Fund, be given to the Board on a form prescribed by it. There is not even the faintest trace of ambiguity present in this statutory mandate which would allow of judicial construction, let alone the introduction of such extraneous considerations as were brought into the case on the County Court level. We do not have here a situation like that in the Giles case, which dealt with the "in lieu" provision of the quoted statute.
We will not judicially legislate in the face of so plainly stated a condition precedent as the notice provision of N.J.S.A. 39:6-65.
Timely notice to the Board cannot be spelled out from the filing of the accident report with the Security-Responsibility *571 Section of the Motor Vehicle Division, merely because the Director of Motor Vehicles is a member of the Unsatisfied Claim and Judgment Fund Board. That Board consists of the Director, the Commissioner of Banking and Insurance, and four representatives of insurers, and is "established in, but not as a part of, the Division of Motor Vehicles in the Department of Law and Public Safety." N.J.S.A. 39:6-64. The fact that the Motor Vehicle Director happens to be a member of the Board does not give the Board the required notice of intention called for by N.J.S.A. 39:6-65. We observe, in passing, that the information called for on the form supplied by the Security-Responsibility Section differs from that required on the form supplied by the Board.
Plaintiffs make no claim that they were so physically incapable of giving notice to the Board as to call into play the "in lieu" provision of N.J.S.A. 39:6-65. It is entirely clear they were able to give such notice  witness their notifying the Security-Responsibility Section within three weeks of the accident.
Reversed.