72 N.J. Super. 118 (1962)
178 A.2d 26
JOSEPH DANISI, PLAINTIFF-RESPONDENT,
v.
EDWIN J. THUEMLING AND ELDON E. BETTS, DEFENDANTS, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1960.
Re-argued January 15, 1962.
Decided January 30, 1962.
*119 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Bruce D. Herrigel argued the cause for respondent (Messrs. Herrigel and Herrigel, attorneys).
Mr. Theodore I. Botter, Assistant Attorney General, argued the cause for appellant Unsatisfied Claim and Judgment Fund Board of New Jersey (Mr. David D. Furman, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendant Unsatisfied Claim and Judgment Fund Board (hereinafter called the Board) appeals from an order directing it to pay $4,625.75 to plaintiff on account of a judgment obtained by plaintiff in a motor vehicle accident case.
On January 21, 1959 plaintiff, owner of a tractor-trailer which he was operating under a leasing agreement with his employer J & R Transport, was involved in a collision with another tractor-trailer owned by defendant Edwin Thuemling, and operated by defendant Eldon Betts. As a result of the accident which happened on Route 22, Lebanon Township, New Jersey, plaintiff's truck was damaged and he suffered personal injuries which allegedly incapacitated him for three weeks. On March 10, 1959 plaintiff filed suit against Thuemling *120 and Betts, both residents of Iowa, for property damage and personal injuries and, on May 6, 1959, defendants not having appeared or answered, their default was entered.
On May 11, 1959 plaintiff's attorneys wrote the following letter to the Security Responsibility Section of the Department of Motor Vehicles:
"Dear Sir:
We represent Joseph Danisi, who was the owner and operator of a truck, registered in New Jersey, which was involved in a collision on January 21, 1959, in the Borough of Lebanon, on Route 22, New Jersey. The name of the driver of the other vehicle was Eldon Betts, 807 North Illinois Street, Lake City, Iowa and the owner of the other vehicle was Edwin Thuembling of Laurens, Iowa.
At the scene of the accident Mr. Danisi exchanged credentials with Mr. Betts and Mr. Betts advised my client, Mr. Danisi, that he was insured by a liability insurance policy. In reliance upon this representation, we instituted suit against Mr. Betts and Mr. Thuembling. A default has been entered against both defendants based upon their failure to answer the complaint. The default was entered in the Superior Court on May 6, 1959. We have not been advised that the insurance company has disclaimed on the policy, but we wish to serve notice upon the Fund, in accordance with our Rs. 39-6-56, in order to provide for the eventuality that the defendants, Thuembling and Betts are in fact, presently not insured.
Kindly advise whether the form of this letter constitutes notice under the act and if not, kindly forward to me the necessary forms.
 Very truly yours,
 /s/ Bruce D. Herrigel
 For the Firm"
This letter was forwarded to the Board and taken as a notice of intention to make claim under the provisions of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq. However, the Board in its letter to plaintiff's attorneys pointed out that the notice was received "beyond the ninety-day period required by R.S. 39:6-65."
The pertinent provisions of N.J.S.A. 39:6-65 are as follows:
"Any qualified person, or the personal representative of such person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, and whose *121 damages may be satisfied in whole or in part from the fund, shall, within 90 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board, the form and contents of which shall be prescribed by the board, of his intention to make a claim thereon for such damages if otherwise uncollectible; provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court on the hearing of the application for the payment of a judgment (a) that he was physically incapable of giving said notice within said period and that he gave said notice within 90 days after he became physically capable to do so or in the event he did not become so capable, that a notice was given on his behalf within a reasonable period, or (b) that he gave notice to the board within 15 days of receiving notice that an insurer had disclaimed on a policy of insurance so as to remove or withdraw liability insurance coverage for his claim against a person or persons who allegedly caused him to suffer damages. * * *"
Plaintiff's attorneys thereupon wrote to the Board stating that "It should be understood that this claim was not made with the intention that it comes within the 90 day provision of the statute but rather within the exception thereto which allows the claim to be made within 15 days after a disclaimer is received."
The Board, with the consent of plaintiff, then had the default set aside under N.J.S.A. 39:6-74 and 75, and defended the action on behalf of the defendants. The case was tried on February 19, 1960 and a judgment entered in favor of plaintiff for $4,725.75 for property damage, and $500 for personal injuries. At the trial plaintiff testified that immediately after the accident the driver of the other vehicle told him "my boss' got insurance."
Plaintiff next applied under N.J.S.A. 39:6-69 for an order directing payment by the Fund of his judgment for property damage less the statutory deduction of $100. Payment of the judgment for personal injuries out of the Fund was not sought because plaintiff had workmen's compensation coverage for such injuries N.J.S.A. 39:6-70(a).
The Board opposed the application on the ground that the notice of the accident and the intention to file a claim against the Fund was out of time. The Board pointed out *122 that when plaintiff's notice of intention was given, plaintiff's attorneys had advised that they were proceeding under the (b) proviso of N.J.S.A. 39:6-65 which allows notice to be given within 15 days after an insurer had disclaimed. However, no such disclaimer was made by any insurer.
In a memorandum submitted to the trial court on the application plaintiff's attorneys stated that plaintiff was no longer proceeding on the theory that his notice of intention was given within 15 days after disclaimer by an insurer, but rather "upon the fact that he comes within the exception to the 90 day rule which allows him to file the notice within 90 days after he became physically capable to do so." Plaintiff stressed that because of injuries sustained in the accident he was physically incapable of giving notice to the Board for a three-week period following such accident.
The court granted the application and signed the order for payment by the Fund. In making its ruling the court stated that the Fund had not been "hurt" and that plaintiff was a nonresident and should be entitled to added time. The court also said that since a reputable attorney had appeared for the Board and the default was reopened and the case fully litigated, it would not be fair to plaintiff, and would violate the intent of the statute, to do anything but order that the judgment be paid out of the Fund. No proof was taken on plaintiff's claimed physical incapacity for a three-week period, nor did the court attempt to make any finding thereon.
When the matter came before us on appeal, we remanded it to the trial court solely for the purpose of conducting a hearing on the issue of plaintiff's alleged physical incapacity to give notice to the Board. On the remand, after taking testimony on the issue, the trial court determined "that Mr. Danisi was capable, during the three-week period, of giving the required notice to the Fund."
Therefore, as the case now stands, the notice of plaintiff's intention to file claim against the Fund was not given within the 90-day period specified in N.J.S.A. 39:6-65; *123 nor has plaintiff established that he comes under either the (a) or (b) proviso of said statute.
However, plaintiff argues that the order for payment out of the Fund can be sustained (1) on the ground that the conduct of the Board precludes it from asserting the 90-day limitation against plaintiff, i.e., waiver or estoppel; and (2) the 90-day provision should be construed so as to mean that plaintiff was required to give notice "within 90 days of the time that he knew or had reason to know that he was obliged to give notice to the Fund," i.e., within 90 days after plaintiff ascertained that defendant Betts' statement that "my boss' got insurance" was untrue.
As to the first ground, plaintiff contends that the conduct of the Board in assigning an attorney to the case, reopening the default and defending the case, with knowledge on the Board's part that plaintiff's notice was out of time, and without reservation by the Board of any right to challenge plaintiff's status, amounts to a waiver of the 90-day period, or operates to estop the Board from asserting such statutory provision as a defense.
We do not agree that the factual situation herein presented forms any basis for application of the principles of waiver or estoppel. At all times the Board was dealing with a potentially valid claim against the Fund and as a matter of precaution it processed the case as such without acknowledging liability on its part. The fact that plaintiff's notice was not given within 90 days after the accident did not automatically invalidate plaintiff's claim. There might have been a disclaimer by an insurer under the (b) proviso of the statute, or plaintiff might have been able to establish physical incapacity under the (a) proviso. This latter issue was not resolved until after plaintiff's application for payment by the Fund. Plaintiff argues that the Board should have investigated the matter preliminarily and decided whether or not plaintiff came under either the (a) or (b) proviso of the statute. At least, according to plaintiff, the Board should have reserved a right to challenge the timeliness of *124 the notice so that plaintiff would have known what his status was.
Again we do not agree. The Board did notify plaintiff that the notice was not filed within the 90-day period fixed by statute, but was told at that time that the notice was being given under the disclaimer proviso of the statute. Thereafter plaintiff abandoned that ground and claimed he was proceeding under the (a) proviso of the statute. As heretofore noticed, this latter issue was not resolved until after entry of judgment. We find no basis for application of waiver or estoppel.
Under the circumstances, it is unnecessary for us to consider the Board's argument that, even assuming a factual basis exists therefor, the Board could not legally waive the 90-day provision nor could the principle of estoppel be applied to it.
Lastly, plaintiff argues that under a liberal construction of the act, the 90-day period began to run from the time he found out that Betts' representation as to insurance was untrue. However, this is not what N.J.S.A. 39:6-65 provides. It specifies that the notice shall be given "within 90 days after the accident." To adopt the statutory interpretation that plaintiff urges would render the 90-day provision meaningless.
The order directing payment out of the Fund is reversed. No costs.