LUZ CANO, PLAINTIFF, v. JAMES MALONE, UNSATISFIED CLAIM AND JUDGMENT FUND, JOHN DOE, BEING THE FICTITIOUS NAME OF THE OWNER OF THE UNIDENTIFIED VEHICLE, RICHARD ROE, BEING THE FICTITIOUS NAME OF

THE DRIVER OF JOHN DOE'S VEHICLE, STATE FARM IN-
SURANCE COMPANY, AND PENNSYLVANIA NATIONAL MU-
TUAL INSURANCE CO., DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided September 29, 1989.

*Antonio R. Espinosa,* for plaintiff.

*Michael T. Cooney,* for defendant Unsatisfied Claim and
Judgment Fund (*Hueston, Hueston & Sheehan,* attorney).

*Kevin R. Dochney* for defendant Pennsylvania National In-
surance Mutual Insurance Company (*Slimm, Dash & Goldberg,*
attorneys).

MENZA, J.S.C.

The issue in this case is whether the "discovery rule" may be utilized to extend the time in which a notice of intention to make a claim must be filed with the Unsatisfied Claim and Judgment Fund Board, (fund). This question is a novel one.

Defendant Malone was involved in a collision with an unidentified vehicle which caused his vehicle to strike the house in which plaintiff resided. Plaintiff was injured as a result of the accident and has brought suit against Malone and the fund. The claim against the fund is based on the assertion that a "phantom" car was involved in the accident.

The police report of the incident states:

Driver # 1 states that while proceeding west on Westfield Avenue, Vehicle # 3 swerved towards him, causing Vehicle # 1 to strike the rear of Vehicle # 2. Vehicle # 1 then struck 43 Westfield Avenue, causing resident Luz Cano to complain of headaches....

Vehicle # 1 is identified in the police report as the Malone vehicle. Vehicle # 2, a parked car, is identified as the vehicle of one Ediznia Barrios. Vehicle # 3 is identified in the police report only with the letter "U."

Defendant fund moves for summary judgment on the basis that plaintiff failed to file a notice of intention to make a claim with the fund within the 90 day requirement of the statute.

Plaintiff claims that he did not know that an unidentified vehicle was involved in the accident until he received a letter from Malone's insurance company denying liability.[1] He states that on receipt of the letter, he immediately filed a notice with the fund—a period of 163 days after the date of the accident. Plaintiff argues that since he was unaware of the existence of the "phantom" car, for a period of time following the accident, the discovery rule is applicable, and therefore, his filing of the

---

[1]The letter states: "After considering the facts presented to us, we have determined that our insured was not legally responsible for the accident. Under these circumstances we cannot make payment in this matter. P.S. Our insured's vehicle was cut off by an unknown vehicle."

notice of claim within 90 days of receiving the carrier's letter was proper.

Defendant argues that the discovery rule is inapplicable to the 90–day provision of the fund statute. He contends, moreover, that even if it is applicable, it is not appropriately applied in the instant case because the police report clearly indicates that a "phantom" car was involved in the accident.

*N.J.S.A.* 39:6–65, the notice statute, provides:

Notice of accident and intention to file claim

Any qualified person, or the personal representative of such person, who suffers damages resulting from bodily injury ... arising out of the ownership, maintenance or use of a motor vehicle in this State ... whose damages may be satisfied in whole or in part from the fund, shall, ... *within 90 days after the accident,* as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board ... of his intention to make a claim thereon for such damages if otherwise uncollectible.... [Emphasis supplied]

There are three exceptions to the 90–day rule. *N.J.S.A.* 39:6–65 states:

... provided, any such qualified person may, in lieu of giving said notice within said time, make proof to the court on the hearing of the application for the payment of a judgment ... [1] that he was physically incapable of giving said notice within said period and that he gave said notice within 90 days after he became physically capable to do so or in the event that he did not become so capable, that a notice was given on his behalf within a reasonable period, or ... [2] that he gave notice to the board within 15 days of receiving notice that an insurer had disclaimed on a policy of insurance so as to remove or withdraw liability insurance coverage for his claim against a person or persons who allegedly....

The third exception is contained in *N.J.S.A.* 39:6–79:

When in an action in respect to the death of, or personal injury to, any person, arising out of the ownership, maintenance or use of a motor vehicle in this State ... judgment is rendered for the defendant on the sole ground that such death or personal injury was occasioned by a motor vehicle—

(a) the identity of which, and of the owner and operator of which, has not been established, or

(b) which was in the possession of some person other than the owner ... without the consent of the owner and the identity of the operator has not been established, ... the plaintiff in such action may within three months ... bring an action ... against the commissioner....

Plaintiff argues that fundamental fairness demands that a fourth exception be carved out of the statute to provide for

those situations where plaintiff first became aware of the existence of a "phantom" car after the occurrence of the accident, but prior to the entry of judgment for the known driver. He argues the application of the discovery rule.

In *Diamond v. N.J. Bell Telephone Co.*, 51 *N.J.* 594 (1968), the Supreme Court explained the discovery rule:

"... a plaintiff's cause of action accrues for limitation purposes when he suffers actual consequential damage or loss from the defendant's negligence." [at 596 citation omitted]

....

Under the customary rule that ignorance of a claim does not toll the running of the limitations period ... This suit would have been barred....

We must, therefore, consider the applicability of the recently evolved discovery rule. Under that doctrine, a cause of action accrues only when the plaintiff knows or should reasonably know of his injury. [*Id.* at 597]

The discovery rule is essentially a principle of equity. Its purpose is to mitigate unjust results that might otherwise flow from a strict adherence to a rule of law. *O'Keeffe v. Snyder*, 83 *N.J.* 478 (1980).

The rule has traditionally been applied to the accrual of a cause of action—*i.e.*, the statute of limitations. It is not usually applied to statutory limitations of actions.

In *Evernham v. Selected Risks Ins. Co.*, 163 *N.J.Super.* 132 (App.Div.1978), the court held that a plaintiff could not utilize the discovery rule to extend the time for the bringing of an action for no fault PIP payments. The court said:

The discovery principle developed in our tort law is not applicable here. It is peculiar to statutes of limitation based upon accrual of the cause of action, accrual being postponed if plaintiff neither knows nor has reason to know the facts equating with the likely accrual of a cause of action. [citations omitted] But a statute forbidding the institution of an action, otherwise maintainable, later that a period of years after a fixed objective event, generally precludes the operation of the discovery rule. [citation omitted] The cause of action itself dies after that lapse of time [at 136 citation omitted]

In *Presslaff v. Robins*, 168 *N.J.Super.* 543 (App.Div.1979), a case involving the wrongful death statute (*N.J.S.A.* 2A:31–3), the court stated:

This statute, which fixes a specified objective event to incept the period of time within which an action must be brought, is to be contrasted with the general

> statute of limitations, N.J.S.A. 2A:14–2, applicable to negligence actions, which directs the institution of such an action "within 2 years next after the cause of any such action shall have accrued." The latter falls within the "accrual" category of limitation provisions. It is settled law in this State that the discovery principle is not applicable except in relation to an accrual period of limitations. [at 546]

See also *Lawrence v. Bauer Publishing & Printing, Ltd.,* 78 *N.J.* 371 (1979), rev'g on dissent below 154 *N.J.Super.* 271, 276 (App.Div.1977) (discovery rule inapplicable to the one-year statute of limitations for libel contained in *N.J.S.A.* 2A:14–3); *Rosenberg v. North Bergen,* 61 *N.J.* 190 (1972) (discovery rule inapplicable to *N.J.S.A.* 2A:14–1.1, provides that an action against an architect or contractor must be commenced within ten years after the performance or furnishing of services and construction); *Schwarz v. Fed. Shipbuilding and Dry Dock Co.,* 16 *N.J.* 243, 248 (1954) (petition in workers' compensation, must be filed within two years of the occurrence of an accident, and not two years from date the injury was discovered); *Interlox Punch & Die Corp. v. Insilco Corp.,* 174 *N.J.Super.* 175 (Law Div.1980) (the discovery rule does not toll the two-year statute of limitations contained in the Uniform Securities Act); but see *Trenkamp v. Township of Burlington,* 170 *N.J.Super.* 251 (Law Div.1979) (the time within which to file an action in lieu of prerogative writs begins at the time that plaintiff knew or should have known of the existence of the cause of action).

Although the New Jersey courts have not applied these holdings to the fund statute, it seems clear from the cases cited that the discovery rule is inapplicable to the 90–day limitation period in the statute.

The plain language of the statute also makes it clear that the 90–day limitation period cannot be extended. The language is mandatory. It provides that a claimant *"shall ...* within 90 days after the accident ... *as a condition precedent* to apply for payment ... give notice to the board of his intention to make a claim." Emphasis supplied.

In the case of *Schlenger v. Conti,* 47 *N.J.Super.* 566 (App. Div.1957), plaintiff argued that, because the statute was reme-

dial and designed to afford compensation to injured persons, the 90–day rule should be subject to relaxation. The court responded:

A legislative directive such as is contained in *N.J.S.A.* 39:6–65 could not more clearly be expressed: notice "shall," within 30 (now 90) days after the accident, and "as a condition precedent" to the right thereafter to apply for payment from the Fund, be given to the Board on a form prescribed by it. There is not even the faintest trace of ambiguity present in this statutory mandate which would allow of judicial construction, let alone the introduction of such extraneous considerations as were brought into the case on the County Court level ... We will not judicially legislate in the face of so plainly stated a condition precedent as the notice provision of *N.J.S.A.* 39:6–65 [at 570]

And in *Danisi v. Thuemling,* 72 *N.J.Super.* 118 (App.Div. 1962), the court held that the time for filing a notice of claim with the fund commences when the accident occurs and not when the claimant first learns that the tortfeasor is uninsured. The court said:

Lastly, plaintiff [charges] that under a liberal construction of the act, the 90–day period began to run from the time he found out that Betts' representation as to insurance was untrue. However, this is not what *N.J.S.A.* 39:6–65 provides. It specifies that the notice shall be given "within 90 days after the accident." To adopt the statutory interpretation that plaintiff urges would render the 90–day provision meaningless. [at 124]

There is yet another reason why the time may not be extended, and that is because the Legislature has made it clear that it should not be. The Legislature has set forth three distinct situations in which a notice of intention may be filed out of time. It is, therefore, obvious that the legislative intent was to restrict the relaxation of the 90–day provision to the specific exceptions stated in the statute. *Dacunzo v. Edgye,* 19 *N.J.* 443, 451 (1956).

Finally, it is to be noted that plaintiff's claim, that he was unaware of the "phantom" car until he received a letter of denial from an insurance company, is, to say the least, to be taken with a grain of salt. Even a cursory reading of the police report shows that an unidentified vehicle was involved in the accident. One would think that seeing the letter "U" under the space designating the owner and driver of the vehicle might

very well give someone a hint that there was an unidentified vehicle involved in the accident.

Plaintiff failed to file his notice of intention to make a claim within the required time. Defendant fund's motion for summary judgment is, therefore, granted.