**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0144-18T4

ZORICA DIMITROV, for herself
as spouse, and Administratrix ad
Prosequendum and General
Administrator of the ESTATE OF
DIMITRI DIMITROV, Deceased,

     Plaintiff-Appellant,

v.

SAINT MARY'S HOSPITAL,
HAMILTON PLAZA NURSING
AND REHABILITATION CENTER,
AMEDISYS HOME HEALTH, ST.
JOSEPH'S REGIONAL MEDICAL
CENTER, DR. LUBOMIR JAWNY,
HACKENSACK UNVERSITY
MEDICAL CENTER,

     Defendants-Respondents.

_____

Argued October 3, 2019 – Decided November 14, 2019

Before Judges Fisher, Gilson, and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2241-18.

Steven V. Schuster argued the cause for appellant.

Jayne E. Turner argued the cause for respondent Saint Mary's Hospital (Rosenberg Jacobs Heller & Fleming, PC, attorneys; Jayne E. Turner, on the brief).

Andrew P. Watto argued the cause for respondent Hamilton Plaza Nursing and Rehabilitation Center (Buchanan Ingersoll & Rooney, PC, attorneys; Alexis A. Langella and Andrew P. Watto, of counsel and on the brief; Matthew T. Corso, on the brief).

John B. Mullahy argued the cause for respondent Amedisys Home Health and Hospice Care (Kaufman Borgeest & Ryan, LLP, attorneys; John B. Mullahy and Jonathan D. Hallett, on the brief).

Charles Edward Murray III argued the cause for St. Joseph's Regional Medical Center (Farkas & Donohue, LLC, attorneys; Charles Edward Murray III, of counsel and on the brief).

William J. Buckley argued the cause for respondent Dr. Lubomir Jawny (Schenck, Price, Smith & King, LLP, attorneys; William J. Buckley and Sandra Calvert Nathans, of counsel and on the brief).

Judith A. Wahrenberger argued the cause for respondent Hackensack University Medical Center (Ruprecht Hart Ricciardulli & Sherman, LLP, attorneys; Judith A. Wahrenberger, of counsel; Louis A. Ruprecht, on the brief).

PER CURIAM

Plaintiff asserted claims under the Wrongful Death Act, N.J.S.A. 2A:31-1 to -6, and Survivor Act, N.J.S.A. 2A:15-3. She alleges that the six defendants

A-0144-18T4

committed medical malpractice when they provided care to her husband in the last year of his life. The decedent died on December 17, 2014. Plaintiff filed this action on March 29, 2018. She appeals from orders that dismissed her claims with prejudice because they were barred by the applicable two-year statutes of limitations. We affirm.

I.

Plaintiff Zorica Dimitrov is the widow and administratrix of the estate of her deceased husband Dimitri Dimitrov (decedent). During 2014, decedent received medical care at various hospitals and from various medical providers, including his personal physician. As already noted, he died on December 17, 2014.

This is the second action plaintiff filed asserting claims arising out of the death of her husband. The only orders on appeal before us are the orders dismissing plaintiff's second action. Nevertheless, a brief procedural summary of plaintiff's first action helps to place the second action in context.

Plaintiff filed her first complaint on December 16, 2016 (the First Action). In that complaint, plaintiff asserted claims under the Wrongful Death Act and the Survivor Act arising out of the death of her husband. She also asserted claims for her loss of consortium and services. Plaintiff named six defendants:

A-0144-18T4

(1) Saint Mary's General Hospital; (2) CPL (Hamilton), LLC, d/b/a/ Hamilton Plaza Nursing and Rehabilitation Center; (3) Amedisys, Inc. i/p/a Amedisys Home Health and Hospice Care; (4) Hackensack University Medical Center; (5) St. Joseph's Regional Medical Center; and (6) Dr. Lubomir Jawny.

In July 2017, plaintiff's First Action was administratively dismissed without prejudice by the court due to plaintiff's failure to prosecute that action. Months later, plaintiff filed a motion to reinstate. On November 3, 2017, that motion was denied for failure to properly serve defendants; thereafter, plaintiff refiled the motion and properly served defendants. On January 5, 2018, the trial court in the First Action denied that motion, finding that plaintiff had failed to serve any defendants before her complaint was dismissed in July 2017, plaintiff had not served all the defendants by the time she filed her motion to reinstate, and defendants would be prejudiced by allowing the complaint to be reinstated. The court in the First Action then entered an order denying plaintiff's motion to reinstate the complaint and denying defendants' motions to dismiss the complaint with prejudice. Plaintiff filed a notice of appeal in the First Action. On March 26, 2018, we dismissed that appeal without prejudice as an appeal from an interlocutory order. Plaintiff took no further action in the First Action.

A-0144-18T4

Instead, on March 29, 2018, plaintiff filed a new and separate action (the Second Action). The complaint in the Second Action asserted the same claims that had been asserted in the First Action. In that regard, plaintiff iterated her wrongful death and survivor claims based on the alleged medical malpractice resulting in the death of her husband. Moreover, the complaint in the Second Action named the same six defendants named in the First Action.

Defendants moved to dismiss the complaint in the Second Action, arguing that plaintiff's claims were barred by the applicable statutes of limitations. The trial court in the Second Action agreed and held that plaintiff's claims were governed by two-year limitations periods. Accordingly, on July 30, 2018, the trial court entered orders dismissing with prejudice plaintiff's claims in the Second Action. The court entered six separate orders; accordingly, there are orders dismissing the claims against each of the six defendants.

Plaintiff appealed from the orders entered on July 30, 2018. In her appeal, plaintiff sought to raise arguments concerning the dismissal of the First Action. In response to a motion to strike portions of plaintiff's appellate brief, we entered an order limiting plaintiff's appeal to the orders entered on July 30, 2018, in the Second Action.

A-0144-18T4

## II.

The only issue before us on this appeal is whether the trial court correctly dismissed plaintiff's Second Action with prejudice based on the applicable statutes of limitations. We review this issue de novo because "determining the date upon which a statute of limitations begins to run is an issue of law, subject to plenary review." J.P. v. Smith, 444 N.J. Super. 507, 520 (App. Div. 2016) (citing Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013)); see also State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017) (reviewing de novo an order dismissing a complaint on a motion brought pursuant to Rule 4:6-2).

Read in the light most favorable to plaintiff, her complaint alleges claims based on three grounds: (1) decedent's death; (2) decedent's pain and suffering prior to his death; and (3) her loss of "services and consortium" resulting from decedent's death. Accordingly, plaintiff's claims are based on the Wrongful Death Act and the Survivor Act. Both those Acts have a two-year statute of limitations, which use identical language: "[e]very action brought under this

chapter shall be commenced within [two] years after the death of decedent, and not thereafter . . . ."  N.J.S.A. 2A:31-3; N.J.S.A. 2A:15-3.[1]

In this case, decedent passed away on December 17, 2014.  Plaintiff filed her Second Action more than three years later on March 29, 2018.  Consequently, all the claims in that Second Action were time-barred.

Plaintiff argues that the statute of limitations applicable to her claims under the Survivor Act should be given the benefit of the discovery rule.  She goes on to contend that she discovered her cause of action at the time that she consulted legal counsel in August 2016.  We reject this argument.

The discovery rule is an equitable principle under which the accrual of a cause of action is delayed "'until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered[,] that he [or she] may have a basis for an actionable claim.'"  Viviano v. CBS, Inc., 101 N.J. 538, 546 (1986) (quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973)).  In both the Wrongful Death Act and the Survivor Act the Legislature has identified the death of the decedent as a fixed event and, thus, the discovery rule does not

---

[1]  The statute of limitations in both acts have an exception not applicable in this case.  The exception states: "provided, however, that if the death resulted from murder, aggravated manslaughter or manslaughter for which the defendant has been convicted, found not guilty by reason of insanity or adjudicated delinquent, the action may be brought at any time."  N.J.S.A. 2A:31-3; N.J.S.A. 2A:15-3.

apply. See Presslaff v. Robins, 168 N.J. Super. 543, 546 (App. Div. 1979) (holding that the discovery rule does not apply to claims under the Wrongful Death Act because it contains its own limitations period that runs from the death of the decedent, rather than from an unspecific date of accrual); see also Brookins v. Murray, 131 N.J. 141, 151 (1993) (explaining that New Jersey tends to reject application of the discovery rule "for statutes of limitations that run from a fixed, specified event").

Before 2010, the Survivor Act contained no explicit statute of limitations. Accordingly, prior to 2010, courts looked to the general statute of limitations set forth in N.J.S.A. 2A:14-2. See Bernoskie v. Zarinsky, 344 N.J. Super. 160, 164 (App. Div. 2001). Under N.J.S.A. 2A:14-2 the discovery rule can, under the right set of facts, apply because the limitations period begins to run from the date the cause of action accrues. Presslaff, 168 N.J. Super. at 546. In 2009, however, the Legislature added a statute of limitations to the Survivor Act and expressly provided that any action under the Survivor Act "shall be commenced within two years after the death of decedent, and not thereafter . . . ." N.J.S.A. 2A:15-3. The current language of the Survivor Act mandates that no action asserting claims under that Act can be commenced later than two years after the

death of the decedent.  Consequently, the discovery rule does not apply.[2]

Brookins, 131 N.J. at 151; Presslaff, 168 N.J. Super. at 546.

Plaintiff also argues that the statutes of limitations should be equitably

tolled.  We disagree.  Equitable tolling of a statute of limitations is applied

sparingly and generally has been applied in three circumstances:

> (1) [where] "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" . . .
>
> (2) where a plaintiff has "in some extraordinary way" been prevented from asserting his [or her] rights [and] . . .
>
> (3) where a plaintiff has timely asserted his [or her] rights mistakenly by either defective pleading or in the wrong forum.
>
> [Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 312 (App. Div. 2007) (first and third alterations in original) (quoting Freeman v. State, 347 N.J. Super. 11, 31 (App. Div. 2002)).]

The trial court in this case correctly found that there was no evidence that

would support tolling the statutes of limitations.  Plaintiff has not alleged that

any defendant engaged in the kind of action that would have prevented her from

---

[2] We have held that that accrual of a survivorship claim can begin to run before the death of the decedent if the decedent knew or should have known of the claim before his or her death.  Warren v. Muenzen, 448 N.J. Super. 52, 64-65, 67-68 (App. Div. 2016).

asserting her rights in a timely manner. Indeed, a review of plaintiff's complaint establishes that all of her claims arise out of the death of her husband. While that event is certainly tragic, it was an event known to plaintiff when it occurred.

Finally, in her reply brief, plaintiff suggests that we should consider the orders dismissing her First Action. We have already noted that this appeal of the dismissal of the Second Action does not include a review of the orders entered in the First Action. We see no basis for reconsidering that determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0144-18T4